**\*Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
JAMES BARNES,                               :
                                            :    Civil Action No. 06-5703 (FLW)
       Plaintiff,                           :
                                            :
   v.                                      :
                                            :    **OPINION**
TRENTON STATE PRISON MEDICAL                :
DEPARTMENT,                                 :
                                            :
       Defendant.                           :
_____:

**WOLFSON, District Judge**:

      Pro se Plaintiff James Barnes ("Plaintiff" or "Barnes"), currently incarcerated in the New Jersey State Prison system, brought this suit alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983, against Defendant Correctional Medical Services ("CMS" or "Defendant"), incorrectly named in the Complaint as Trenton State Medical Department. Plaintiff did not name any other defendants in this suit. Specifically, Plaintiff alleges that Defendant violated his Eighth Amendment Constitutional right by not affording him the proper medical care for syphilis, from which Plaintiff inexorably believes he suffers. Presently before the Court is a motion for summary judgment on the Complaint filed by Defendant. In response, Plaintiff opposes Defendant's motion and cross-moves for summary judgment. CMS posits that there is ample evidence from the medical records to prove that not only did Plaintiff not have syphilis, but his medical complaints were extensively evaluated. Importantly, Defendant argues that it is also entitled to summary judgment because it may not be held vicariously liable under § 1983 as a private corporation performing a

municipal function without any showing of a policy or custom that amounted to deliberate indifference. In that regard, as the Court will discuss further in this Opinion, it holds that as a matter of law, Plaintiff has failed to show, or even allege, any policy or custom enacted by CMS that would amount to deliberate indifference to his medical needs. Accordingly, Defendant's motion is GRANTED and Plaintiff's Cross-Motion is DENIED.

### I.     Background

Plaintiff's current incarceration began in 2005. Plaintiff's Dep. at p. 5. He asserts numerous conclusory and incoherent allegations against Defendant. First, Plaintiff alleges that he has syphilis, but has never been diagnosed with the disease. Id. at p. 7. On November 22, 2005, Plaintiff claims that he advised a correctional officer that he thought he had syphilis because he was throwing up. Id. at. P. 8. He further claims that around November 23, 2005, he had a blood test done but did not know the results of the test at that time. Id. at pp. 9-10. Plaintiff also alleges that his medication, which according to Plaintiff was forced upon him, has been tampered with by the authorities because it smells of semen, human feces and cat feces. Id. at p.15.

In his Complaint, Plaintiff avers various reasons why he believed he was infected with syphilis: (1) a knot inside of his mouth on the lower jaw on the left side, but it went away without any treatment, see Id.at pp. 18-20; (2) discoloration on the head of his penis, without any wound or bleeding; see Id. at p. 25; (3) testicle pain; (4) blurry vision; and (5) stinging upon urination. See Id. at pp. 26-36. In response to these complaints, Plaintiff asserts that he submitted various health service request forms to prison officials between the time period of August 12, 2005 and December 26, 2007. See Id. For each of the requests, Plaintiff testified that he was treated by the prison medical staff for the complained ailments. Id.; Defendant's Statement of Undisputed Material Facts

2

("Defendant's Statement") at ¶ 15.

Specifically regarding the tests performed, on June 29, 2006, Plaintiff had an ultrasound performed on his left testicle in response to a complaint of testicle pain. The result was normal. See Diagnostic Test Results, Defendant's Exhibit E; Plaintiff's Dep. at p. 37. On September 13, 2006, an x-ray of the pelvis/hip area was performed in connection with complaints of pain the genital area. Id. at p. 37. On March 6, 2007, Plaintiff further received a CT scan of the pelvis due to complaints of abdominal pain. Id. at p. 38. The test result was normal, no evidence of nephrolithiasis or obstructive uropathy. Id. at p. 38; Diagnostic Test Results, Defendant's Exhibit E. see generally, Defendant's Statement at ¶ 23 (Certification of Allan B. Martin, M.D.). In addition, Plaintiff requested to be tested for AIDS and Hepatitis and those tests were negative. Id. at p. 47. According to Dr. Martin, a staff physician employed by CMS, various other tests were performed pursuant to Plaintiff's requests. Ultimately, Plaintiff was tested for syphilis and hepatitis and the results were negative. See Cert. of Allan B. Martin, M.D. at ¶ 19; see also Medical Chart, Defendant's Exhibit H.

Notwithstanding these medical treatments and test results, Plaintiff brought this suit in December 2006, alleging that Defendant was deliberately indifferent to his serious medical needs as a result of having syphilis. Importantly, Plaintiff did not name any of the individual health care personnel or any of the prison staff in this case. The only defendant is CMS, a private facility contracted by the State to provide health care for prisoners. Defendant filed the instant summary judgment motion essentially arguing that it cannot be held liable for vicarious liability under § 1983. Further, Defendant contends that even under a vicarious liability theory, it did not violate Plaintiff's Eighth Amendment right because it provided him adequate health care. The Court shall address

3

these arguments in turn.

**II.     Standard of Review**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1946). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III. Discussion**

In Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691-94(1978), the Supreme Court held that a municipality may not be held liable under § 1983 under a theory of respondeat superior. Extending such principle, the Third Circuit has determined that a private corporation performing a municipal function is also subject to the holding in Monell. Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003); see also Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982)(holding that reasoning of Supreme Court in Monell was equally applicable to private corporations and that § 1983 "evinced" a Congressional

4

intent not to impose vicarious liability); Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(same); Hemphill v. Prison Health Services, Inc., No. 05-1950, 2006 U.S. Dist. LEXIS 60007, at 17, n.3 (D.N.J. Aug. 24, 2006)(same). Thus, in order to assert a claim against CMS, Plaintiff must show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with "final authority to establish municipal policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986).

In the case at bar, the only defendant is CMS, which is a private corporation performing a state function of providing health care to prisoners. Plaintiff testified during his deposition, as noted supra, that he has been treated by medical professionals while he was incarcerated. The crux of Plaintiff argument is the conclusory and baseless assertion that his treating doctors were telling "untruths" and "did not do their jobs" adequately. To specifically counter Defendant's argument regarding vicarious liability, Plaintiff simply reargues his point that CMS failed to provide proper medical care. Particularly, Plaintiff asserts that Defendant did not provide any medication for certain symptoms he was exhibiting. However, other than the substantive claim alleging depravation of medical attention, Plaintiff has not adduced any evidence of, nor alleged, a policy or custom enacted by CMS that amounted to deliberate indifference to his medical needs. Plaintiff also has failed to introduce evidence that any CMS official with final policymaking authority acted with deliberate indifference to his need for adequate medical care. Without such showing, the Court finds that under the principles of Monell, CMS cannot be held vicariously liable for the claims arising out of § 1983 asserted by Plaintiff. Accordingly, Defendant's motion for summary judgment is granted

and Plaintiff's cross-motion is denied.[1]

Dated: January 14, 2009

                                                /s/ Freda L. Wolfson
                                                Freda L. Wolfson, U.S.D.J.

---

[1] Even if the Monell principles are not applicable in this case, Plaintiff's Eighth Amendment claim would still fail.  To briefly summarize, in order to establish a violation of Plaintiff's constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); Natale, 318 F.3d at 582. Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000).  The phrase also refers to "a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity of a doctor's attention.'" Potter v. Deputy Attys, No. 08-1762, 2008 U.S. App. LEXIS 26266, at *7-10 (3d Cir. Dec. 23, 2008)(quoting Monmouth Cty. Correctional Inst. Inmates v. Lozano, 834 F.2d 326, 347 (3d Cir. 1987)).  Assuming Plaintiff's perceived syphilis disease is a serious medical need, it is inconceivable that Defendant was deliberately indifferent to that need, when in fact overwhelming undisputed medical tests confirmed that Barnes was not suffering from syphilis.  In addition, Plaintiff's own testimony during his deposition corroborated the evidence presented by Defendant.  Indeed, the only real issue here is Plaintiff's insistent and erroneous belief that he has syphilis. Clearly, his disagreement with various diagnoses cannot sustain a § 1983 claim.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); see also Potter, 2008 U.S. App. LEXIS 26266 at *9-10 ("[Plaintiff] failed to produce any medical records documenting the litany of conditions . . .[thus,] [b]ased upon the lack of evidence supporting his claim, a reasonable jury could not have concluded that Potter's complaint rested on any legitimate 'serious medical need'"); Johnson v. Watson, No. 08-2897, 2008 U.S. App. LEXIS 25554, at *2-4 (3d Cir. Dec. 17, 2008)("mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation")(internal quotations and citations omitted).